IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| v. § | Criminal Action No. H-01-249 |
| § | Civil Action No. H-06-102 |
| RICARDO SMALLHORN § | |
| MURRAY, § | |
| § | |
| Defendant. § | |

ORDER

Pending before the Court is Motion Under 28 U.S.C. Section 2255 To Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civil Document No. 1, Criminal Document No. 80) filed by Ricardo Smallhorn Murray. Having considered the motion, submissions, and applicable law, the Court determines that the motion should be denied.

Petitioner Ricardo Smallhorn Murray ("Murray") files the instant motion under 28 U.S.C. § 2255 asserting he is entitled to have his sentence vacated and to receive a new sentence because of the Supreme Court decision in *United States v. Booker,* 543 U.S. 220 (2005). On September 13, 2001, the Court sentenced Murray to 78 months imprisonment. The United States Court of Appeals for the Fifth Circuit affirmed the sentence and the United States Supreme Court denied Murray's petition for writ of certiorari. On January 7, 2004, Murray filed a motion under § 2255 (Criminal

Document No. 58). The Court denied the motion on July 20, 2004 (Criminal Document No. 63). Thus, the instant motion is Murray's second motion seeking relief under § 2255.

A successive motion brought under 28 U.S.C. § 2255 must be certified by a panel of the Court of Appeals before it may be filed in the district court. Section 2255 provides, in relevant part:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255 (2000). Murray has not sought leave from the United States Court of Appeals for the Fifth Circuit to file a second § 2255 motion. Accordingly, the Court lacks jurisdiction to consider Murray's motion. *Id.*; *see United States v. Kenney,* 108 F. App'x 894, 895 (5th Cir. 2004); *United States v. Key,* 205 F.3d 773, 774 (5th Cir. 2000).

Assuming, *arguendo,* that the Court had jurisdiction to consider Murray's motion, his arguments would nevertheless fail. Murray's sole ground for filing the

instant motion is his assertion that *Booker* applies retroactively to his sentence. However, the United States Court of Appeals for the Fifth Circuit has expressly held that *Booker* is not retroactively applicable for the purposes of § 2255 relief. *United States v. Gentry,* 432 F.3d 600, 605 (5th Cir. 2005)("*Booker* does not apply retroactively on collateral review to an initial 28 U.S.C. § 2255 motion."); *In re Elwood,* 408 F.3d 211, 213 (5th Cir. 2005)("*Booker* does not apply retroactively on collateral review for purposes of a successive § 2255 motion."). Thus, Murray's motion fails. Given the foregoing, the Court hereby

ORDERS that Murray's Motion Under 28 U.S.C. Section 2255 To Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civil Document No. 1, Criminal Document No. 80) is DENIED. All Murray's claims in his § 2255 motion are DISMISSED.

SIGNED at Houston, Texas, on this 13th day of March, 2006.

_____David Hittner_____

DAVID HITTNER

United States District Judge